Carlo Alberto VENTRE, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 03–72922, 04–70352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 9, 2006.

Carlo Alberto Ventre, San Pedro, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, WARDLAW and FISHER, Circuit Judges.

### MEMORANDUM *

Carlo Alberto Ventre, a native of Libya and citizen of Italy, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of the order of an Immigration Judge ("IJ"). Ventre also challenges the BIA's denial of his motion for reconsideration. We deny the petitions for review in part and dismiss in part.

■ Substantial evidence supports the BIA's conclusion that Ventre abandoned his lawful permanent resident ("LPR") status. *See Singh v. Reno,* 113 F.3d 1512, 1514–16 (9th Cir.1997). Ventre fled the United States with his daughter, in violation of a California custody order. He sought custody of his daughter in Rome, stating that his daughter's residence had "definitively been transferred" to Rome and that he had also "transferr[ed]" to Italy, as of January 16, 1998. Ventre's Italian identity card and passport, which he updated after he left the United States, state "Rome" as his place of residence. Ventre failed to make payments on his home in the United States, allowing it to be foreclosed upon, sold his belongings and abandoned what he did not sell or bring to Italy by neglecting to pay for storage. He also had his truck shipped to him.

Ventre argues that these facts are trivial, equivocal or misunderstood, and that his trip to Italy was to "terminate upon the occurrence of two events, the end of his business trip and resolution of the custody issue." He contends that there is at least some evidence that he went to Italy for a temporary business trip, and that the BIA misperceived his failure to make mortgage payments or the shipping of his truck. He argues that the BIA, in finding significance in his actions in Rome, "confused [his] intent to maintain custody for an intent to abandon" LPR status. The evidence Ventre refers to is inconclusive or, at best, modestly supportive. His arguments are not "so compelling that no reasonable factfinder could fail to find the facts were as [he] alleged." *Singh,* 113 F.3d at 1514 (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

■ Ventre also alleges that the BIA erred in finding him statutorily ineligible for cancellation of removal. We do not decide whether the BIA erred in this determination because it also found that Ventre did not warrant a discretionary grant of cancellation, a decision that we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

■ Ventre further argues that his due process rights were violated in the cancellation proceedings, a challenge we may hear under the REAL ID Act. *See* 8 U.S.C. § 1252(a)(2)(D). Specifically, Ventre argues that his Fifth Amendment

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

rights were infringed by the BIA's acceptance of the IJ's decision to admit the hearsay statements of a confidential informant ("CI") without giving Ventre an opportunity to cross examine the informant. His argument fails because he was not prejudiced by the CI's statements.

The BIA agreed that the CI—a non-percipient witness—"did not provide particularly probative evidence." It also stated that it "tr[od] carefully when considering evidence of crime for which there is no conviction, or any pending charge or past arrest." Similarly, "in [an] abundance of caution," the BIA stated that, "even setting aside ... the allegations of criminal solicitation, the record still supports the denial of relief in the exercise of discretion." Thus, the BIA decoupled the dubious evidence from its discretionary holding, which turned on other factors, particularly Ventre's criminal conviction for international parental kidnaping, *see United States v. Ventre*, 338 F.3d 1047 (9th Cir.2003) (affirming conviction), and violation of the California custody order. None of the due process violations Ventre alleges affected the outcome of the BIA's discretionary decision. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1105 (9th Cir. 2004).

Ventre has also failed to raise any factual or legal errors in the BIA's denial of his motion for reconsideration that convince us the BIA abused its discretion. His petitions for review are therefore **DENIED in part and DISMISSED in part.**